**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

**CASE NO.: 4:20-CV-144**

**CRAIG CUNNINGHAM**, an individual

                    Plaintiff,

v.

**BRITEREAL MANAGEMENT INC**,
a California corporation; and **ANNA YEH**,
an individual,

                    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

### BACKGROUND

Craig Cunningham is a professional plaintiff who alleges that "Defendants" violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") based on automated telephone calls or texts allegedly received at one his cellular telephone numbers.  Plaintiff also brings causes of action under 47 C.F.R. § 64.1200(d) and Texas Business and Commerce Code § 305.053 based on the same allegations.  The Court should dismiss Plaintiff's Complaint because Mr. Cunningham lacks standing and fails to state a claim.

*First*, the Court should dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of standing, as the Plaintiff is a professional litigant in this court and nationwide with a history of misusing the TCPA.  Because Plaintiff's conduct shows a strategy of planting his phone numbers to bait phone calls and text messages, he has not established sufficient injury-in-fact to meet the standing requirement.

*Second*, the Court should dismiss this matter because Plaintiff's Complaint fails to state a

claim against either Britereal Management, Inc. or Anna Yeh (the "Britereal Defendants") as required by Fed. R. Civ. P. 12(b)(6).  Plaintiff's Complaint is replete with conclusory and contradictory allegations, fails to sufficiently allege the Britereal Defendants' direct or vicarious responsibility for any unlawful action, and is devoid of any detail on the calls and text messages in question.

## ARGUMENT

**A.    The Court should dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) because Mr. Cunningham is a professional TCPA plaintiff without standing to sue.**

Craig Cunningham is a notorious professional TCPA plaintiff and welcomes automated telephone calls.  This court has previously held that TCPA suits have been abused and *each case* merits "close scrutiny" on the issue of standing.  *Morris v. Unitedhealthcare Ins. Co.*, No. 415CV00638ALMCAN, 2016 WL 7115973, at *6 (E.D. Tex. Nov. 9, 2016), *report and recommendation adopted*, No. 4:15-CV-638, 2016 WL 7104091 (E.D. Tex. Dec. 6, 2016) (emphasis added).  Given Mr. Cunningham's steadily increasing TCPA lawsuits, such "close scrutiny" is especially warranted in this case.

**1.    For a federal court to have subject-matter jurisdiction, the plaintiff must have standing to bring the action.**

To sue for alleged violations of the TCPA, a plaintiff must suffer an injury in fact sufficient for standing.  *See Leyse v. Bank of Am.*, No. 09-7654, 2010 U.S. Dist. LEXIS 58461, at *7–8 (S.D.N.Y. June 14, 2010) ("The issue in this case is whether the defendant's alleged violation of the TCPA was an invasion of the plaintiff's legally protected interest such that the plaintiff has suffered an injury in fact sufficient for standing."); *Cellco P'ship v. Dealers Warranty, LLC*, No. 09-1814, 2010 U.S. Dist. LEXIS 106719, at *12, *24 (D.N.J. Oct. 4, 2010) ("In order for a federal court to have subject-matter jurisdiction, the plaintiff must have standing

2

to bring the action.").

The Court may look to extrinsic evidence outside of the pleadings in determining standing at this stage of the litigation.  *See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 610 (D. Md. 2011) ("When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'") (citing cases); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) ("no presumptive truthfulness attaches to plaintiff's allegations").

Professional litigants who maintain multiple phone numbers for the purpose of receiving calls to file TCPA lawsuits lack standing.  *See Stoops v. Wells Fargo Bank, N.A.*, No. CV 3:15-83, 2016 WL 3566266, at *12 (W.D. Pa. June 24, 2016) (professional TCPA plaintiff did not have standing as they maintained multiple cell phones for the purpose of receiving calls to file TCPA lawsuits).  It is not enough to merely allege receipt of automated calls—plaintiffs must allege privacy invasion, nuisance, public safety threat, or shifting of costs based on unwelcome robocalls. *See Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15-CV-5182, 2016 WL 4179150, at *16 (N.D. Ill. Aug. 8, 2016) ("Because TSC has failed to allege an interest with which the TCPA is concerned—privacy invasion, nuisance, public safety threat, and/or the shifting of costs based on unwelcome robocalls—the Court finds that TSC lacks statutory standing under 47 U.S.C. § 227(b)(1)(A)(iii).")

> **2.      Here, Plaintiff lacks standing because he has suffered no injury in fact—Mr. Cunningham seeks out and welcomes automated calls.**

As a threshold matter, Plaintiff pleads no facts that the allegedly received calls caused

3

any privacy invasion, nuisance, public safety threat, or shifting of costs based on unwelcome robocalls.  The closest Plaintiff gets is Complaint paragraph thirty-four (31), where he alleges that his telephone has limited data storage and the calls consumed part of this capacity.  (*See* Complaint ¶ 31.)  This is not enough.  There is no allegation that the supposed calls were unwelcome, shifted costs, were an invasion of privacy, nuisance, or public safety threat of any sort.  Consequently, on the face of the Complaint itself, Mr. Cunningham has not alleged relevant injury.  *See Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, 2016 WL 4179150.

Moreover, Mr. Cunningham is a serial TCPA plaintiff.  This lawsuit is but the latest in a growing body of work representing Mr. Cunningham's abuse of the TCPA in this court and nationwide.

> **a.     Mr. Cunningham's prior TCPA lawsuits evidence a pattern of leveraging multiple telephone numbers to bait automated calls.**

In this case, Mr. Cunningham lists a \*\*\*-\*\*\*-7262 phone number.  (*See* Complaint ¶ 29.) Yet in other cases, Mr. Cunningham cites different numbers, including at least \*\*\*-\*\*\*-9191, 215-947-\*\*\*\*, and 615-203-0139.  *See*, *e.g.*, *Cunningham v. National Warrant, et al.*, US District Court for the Eastern District of Texas, Case No. 2: 19-cv-895-ALM-CAN (citing \*\*\*-\*\*\*-9191); *Cunningham v. Vanderbilt University, et al.*, US District Court for the Middle District of Tennessee, Case No. 3:19-cv-00788 (citing \*\*\*-\*\*\*-7262); *Cunningham, et al. v. Vivint, Inc., et al.*, US District Court for the District of Utah, Case No. 2:19-cv-00568-CW-CMR (citing 215-947-\*\*\*\*); *Cunningham v. Arco Media, Inc., et al.*, US District Court for the Eastern District of Texas, Case No. 4:19-cv-00901 (citing 615-203-0139).[1]

---

[1]   This court has discretion to take judicial notice of Mr. Cunningham's other phone numbers referenced in publicly filed TCPA complaints.  *See Hyder v. Quarterman*, No. CIV.A. C-07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007), report and recommendation adopted in part,

4

Mr. Cunningham's apparent strategy of planting numerous phone numbers to bait phone calls places into question Mr. Cunningham's standing as a TCPA plaintiff. *See Stoops v. Wells Fargo Bank, N.A.*, 2016 WL 3566266, at *12; *Leyse v. Bank of Am.*, 2010 U.S. Dist. LEXIS 58461, at *7–8.

### b. Every year, Mr. Cunningham accelerates his pace of TCPA filings.

In August 2018, this Court considered Mr. Cunningham's standing to sue under TCP and found he met the standing threshold at that time. *See Cunningham v. Florio*, No. 417CV00839ALMCAN, 2018 WL 4473792, at *5 (E.D. Tex. Aug. 6, 2018), *report and recommendation adopted*, No. 4:17-CV-839, 2018 WL 4473096 (E.D. Tex. Sept. 18, 2018). Since then, Mr. Cunningham—emboldened—has filed at least sixty (70+) more cases nationwide. Dozens have been filed in the Eastern District of Texas.[2]   Mr. Cunningham's total count is at

---

No. CIV.A. C-07-291, 2007 WL 4300442 (S.D. Tex. Dec. 5, 2007) ("The Taylor court recognized that other circuits have allowed "a court [to] take judicial notice of a 'document filed in another court'); *Garteiser Honea, P.C. v. Moskowitz*, No. 2:18-CV-00372-JRG, 2018 WL 6617780, at *2 (E.D. Tex. Dec. 18, 2018) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction.").

[2]  See, e.g., Cunningham v. Lifestyles Development, LLC et al., E.D. Tex., No. 4:19-cv-00006-ALM-CAN; Cunningham v. Air Voice, Inc., E.D. Tex., No. 4:19-cv-00096-ALM-CAN; Cunningham v. AAA Law Group, LLC et al., E.D. Tex., No. 4:19-cv-00105-ALM-CAN; Cunningham v. Quogen, LLC et al., E.D. Tex., No. 4:19-cv-00237-ALM-CAN; Cunningham v. Grand Incentives, Inc. et al., E.D. Tex., No. 4:19-cv-00350-ALM-CAN; Cunningham v. Foster and Monroe, LLC et al., E.D. Tex., No. 4:19-cv-00351-ALM-CAN; Cunningham v. Kealy et al., E.D. Tex., 4:19-cv-00458-SDJ-CAN; Cunningham v. The Wilhelm Group LLC, et al., E.D. Tex., No. 4:19-cv-00493-SDJ-CAN; Cunningham v. Manasseh Jordan Ministries, Inc. et al., E.D. Tex., No. 4:19-cv-00494-SDJ-CAN; Cunningham v. AB Solution Processing, LLC et al., E.D. Tex., No. 4:19-cv-00501-ALM-CAN; Cunningham v. Creative Edge Marketing LLC et al., E.D. Tex., No. 4:19-cv-00669-ALM-CAN; Cunningham v. Central Billing LLC, et al., E.D. Tex., No. 4:19-cv-00707-RWS-CAN.  Docket searches reveal scores more in this district and nationwide.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

present in excess of one hundred and fifty (160+) cases.[3]  This Court has stressed that due to abuse of TCPA by certain professional plaintiffs, *each case* merits "close scrutiny" on the issue of standing.  *Morris v. Unitedhealthcare Ins. Co.*, 2016 WL 7115973, at *6.  This Court should reevaluate Mr. Cunningham's standing in light of his increased pattern of TCPA abuse.

### B. The Court should dismiss Mr. Cunningham's Complaint for failure to state a claim under Rule 12(b)(6).

#### 1. Standard of review.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is required where a plaintiff fails to set forth "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts may not accept "naked assertion[s]" or "labels and conclusions" characterized as fact.  *Twombly*, 550 U.S. at 555, 557.  Pleadings must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Twombly*, 550 U.S. at 556).

*Twombly* describes a "two-pronged approach" that, first, sets aside conclusory allegations as "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  A court is to then determine if the remaining facts "plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*,

---

3  See Exhibit A.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

550 U.S. at 556).  But, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," dismissal is warranted.  *Id.* at 679.  A complaint stating facts "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id.* at 678 (citing *Twombly*, 550 U.S. at 557). Accordingly, judicial review is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679 (citation omitted).

To state a claim under § 227(b)(1)(A), Plaintiff must assert enough factual allegations to show that Defendants (1) made a call or sent a text to the called party; (2) for telemarketing purposes; (3) using an automatic telephone dialing system ("ATDS") or prerecorded message; (4) to a telephone number assigned to a cellular telephone service.

47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(2); *Cunningham v. Politi*, No. 418CV00362ALM-CAN, 2019 WL 2519568, at *5 (E.D. Tex. Apr. 30, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2524736 (E.D. Tex. June 19, 2019) ("T[o] state a claim under the TCPA for calls made to a cellular phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use of any automatic dialing system or an artificial or prerecorded voice and without prior express consent of the called party." *Id*. (*citing* 47 U.S.C. § 227(b)(1)(A); *see also Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2017 WL 2693565, at *1 (N.D. Tex. June 20, 2017))).

To state a claim under § 227(c)(5) for violations of 47 C.F.R. § 64.1200(d), Plaintiff must allege detailed factual allegations that he (1) received multiple telephone calls within any 12-month period; (2) to a residential phone number; (3) made an affirmative request to be placed on a do not call list; and (4) made an affirmative request for a copy of internal training and do not call procedures.  *See*, *e.g.*, *Cunningham v. Lifestyles Dev., LLC*, No. 419CV00006ALMCAN,

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

2019 WL 4282039, at *5 (E.D. Tex. Aug. 8, 2019), *report and recommendation adopted*, No. 4:19-CV-00006, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) (noting Mr. Cunningham, with similar allegations as in the present Complaint, did not state a claim for relief under § 227(c)(5)).

Further, as this Court has noted, if Plaintiff fails to state a claim under the TCPA, his claims under Texas Business and Commerce Code § 305.053 likewise fail.  *See*, *e.g.*, *Cunningham v. Politi*, No. 418CV00362ALM-CAN, 2019 WL 2517085, at *6 (E.D. Tex. Apr. 30, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2524737 (E.D. Tex. June 19, 2019).

### 2. Plaintiff's allegations, bereft of all facts, are insufficient to state a cause of action.

Mr. Cunningham's Complaint alleges that he received *"at least 25 calls from a variety of spoofed caller IDs that contained a prerecorded message and were initiated using an automatic telephone dialing system and contained a prerecorded message to plaintiff's cell phone \*\*\*-\*\*\*-7262, which is on the do not call list.  The text messages were soliciting the plaintiff to purchase a product named Bio-Viraxegan."*  (*See* Complaint ¶ 26.)  Plaintiff alleges that *"on each and every text there was a prerecorded message and was initiated using an automatic telephone dialing system.  The texts failed to properly identify themselves as being affiliated with any one of the defendants in this case."*  (*See* Complaint ¶ 26.)    Beyond the fact that these allegations are merely conclusory, Plaintiff does not say when he received these calls/messages or texts, how text messages are robocalled and whether the TCPA was even in effect when these alleged calls/messages or texts were received.

### 3. Mr. Cunningham's conclusory allegations do not state a claim against the Britereal Defendants.

#### a. Mr. Cunningham's allegations are inconsistent and contradictory.

8

Plaintiff's allegations are internally inconsistent and insufficient to state a claim against Defendants.  Mr. Cunningham's Complaint alleges he received 25 calls and text messages in the general allegations and then requests damages for 30 calls in the *ad damnum* clause. (*See* Complaint ¶ 26 & "Prayer for Relief")  These conclusory allegations do not support any plausible claim that Defendants could be liable for any or all of these alleged calls.

To survive a motion to dismiss, a Complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Here, Mr. Cunningham's inconsistent and contradictory pleading does not meet this standard.  The Britereal Defendants do not have fair notice over what conduct Plaintiff asserts forms the basis of his claims against them - calls, text messages, or both?  What was the subject of those calls or text messages?  When were those communications allegedly sent or received?  Which ones does Mr. Cunningham claim were initiated by the Britereal Defendants?  Given the incoherent nature of Mr. Cunningham's allegations, Defendants have not been given sufficient notice such that it can defend themselves effectively. The Court should dismiss Mr. Cunningham's Complaint for this reason alone.

### b.  Mr. Cunningham does not allege which Defendant directly undertook any unlawful action.

Plaintiff pleads only conclusory allegations that Defendants calls.  At no point does Mr. Cunningham allege *which* defendant supposedly called him.  Indeed, multiple times, Mr. Cunningham references an individual defendant as having made calls without identifying which one.  (*See* Complaint ¶¶ 26, 334-36.)  Paragraphs 38-42 indicate that one "defendant" caused the harm and damages ("Defendant's"; singular possessive) Mr. Cunningham makes the same error with regards to his assertions relating to 47 C.F.R. § 64.1200(d)—pleading conclusory allegations about "Defendants" training and do-not-call list policies.  (*See* Complaint ¶ 36)  This

9

is fatal to his Complaint.  *See*, *e.g.*, *Salmon v. CRST Expedited, Inc.*, 14-CV-0265-CVE-TLW, 2016 WL 47876, at *4 (N.D. Okla. Jan. 4, 2016) (dismissing TCPA claim because "[t]he amended complaint does not include any allegations that would reasonably support an inference that the calls placed by unidentified persons to plaintiff's cell phone had anything to do with [defendant] or its products[.]").

Mr. Cunningham is already on notice by this Court and others that such conclusory pleading is not sufficient under Rule 12(b)(6).  *See Cunningham v. TechStorm*, LLC., 3:16-CV-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (dismissing TCPA claim for failure to plead adequate facts connecting the defendant to the alleged misconduct where it contained "no facts, such as the source of or phone number making the calls, indicating that this Defendant is responsible for the calls received by Plaintiff"); *see also Cunningham v. Channer, LLC*, No. 17-CV-1305-FPG, 2018 WL 4620391, at *5–7 (W.D.N.Y. Sept. 26, 2018) ("Complaint fails to allege that any Defendant made the phone calls at issue and is therefore directly liable for violating the TCPA."); *see also Cunningham v. Politi*, No. 418CV00362ALMCAN, 2019 WL 2517085, at *4 (dismissing Mr. Cunningham's 47 C.F.R. §64.1200(d) claims because he alleged receiving calls to his cell phone only and made similar conclusory allegations as those in this case); *Cunningham v. Lifestyles Dev., LLC*, No. 419CV00006ALMCAN, 2019 WL 4282039, at *5 (E.D. Tex. Aug. 8, 2019), *report and recommendation adopted*, No. 4:19-CV-00006, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) ("[Mr. Cunningham] baldly and vaguely asserts that he 'asked for an internal do-not-call policy during the in person presentation, but no internal do not call policy was provided' . . . Plaintiff does not indicate which entity he made such request or provide any other details regarding such request aside from this singular, conclusory allegation.")

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

Absent allegations that the alleged calls in this case were made by ***one or the other Defendant***, this court should dismiss Mr. Cunningham's Complaint for failure to state a claim against either Defendant.

### c. Mr. Cunningham impermissibly lumps Defendants together without allegations of vicarious liability or agency.

Mr. Cunningham's conclusory allegations lump the Defendants together.  (*See* Complaint ¶¶ 29, 33.)  While Mr. Cunningham alleges that calls were made "on behalf of Defendants," he does not identify specific Defendants or make sufficient allegations supporting any theory of liability against Defendants  (*See* Complaint ¶¶ 34-36, 44,45; ¶5, 7, 10)[4]

Here too, Mr. Cunningham has already been put on notice multiple times from the Eastern District of Texas and Western District of New York that such conclusory group pleadings are insufficient under Rule 12(b)(6).  *See*, *e.g.*, *Cunningham v. Politi*, No. 418CV00362ALM-CAN, 2019 WL 2519568, at *5–7 (E.D. Tex. Apr. 30, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2524736 (E.D. Tex. June 19, 2019) (dismissing a Cunningham case where he lumped the defendants together) ("Plaintiff's Amended Complaint makes a series of sweeping allegations regarding the "regular" practice of *Americo* and, by and large, ***impermissibly lumps together*** all of the named Defendants[.]") (emphasis added); *see also Cunningham v. Politi*, No. 418CV00362ALMCAN, 2019 WL 2519702, at *7 (E.D. Tex. Apr. 26, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2526536 (E.D. Tex. June 19, 2019) (Because ***Plaintiff does not identify or allege that ORG made any calls to Plaintiff, or establish any factual basis, beyond mere speculation, to support***

---

[4]   Structurally, and another reason the Complaint should be dismissed, Plaintiff's Complaint has duplicate paragraphs numbered 1-14 and realleges realleged paragraphs 6 & 11 creating a nesting issue.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

*that his contention that calls made by other defendants in this case were made on or on behalf of ORG, Plaintiff has not alleged sufficient facts to state a claim under § 227(b)* of the TCPA against ORG . . . The Court finds Plaintiff's *conclusory allegations . . . under § 227(b) cannot withstand the instant Rule 12(b)(6) challenge. See Iqbal*, 556 U.S. at 681 (holding conclusory allegations are "not entitled to the assumption of truth") (emphasis added); *see also Cunningham v. Channer, LLC*, No. 17-CV-1305-FPG, 2018 WL 4620391, at *5–7 (W.D.N.Y. Sept. 26, 2018) (Plaintiff, however, *has failed to adequately plead an agency relationship between any Defendant and the entity that called him* . . . *Plaintiff has not asserted any facts alleging that Channer manifested assent to another to act on its behalf or under its control*. The [] allegations . . . are entirely conclusory, and *Plaintiff does not provide underlying facts to support these assertions.* While the Court must draw inferences in the non-defaulting party's favor, it must do so reasonably. *The Complaint lacks sufficient facts or details from which the Court may infer vicarious liability. Plaintiff has therefore failed to state a TCPA claim based on a vicarious liability theory*.") (emphasis added).

Beyond the ample case law Mr. Cunningham alone has generated on this issue, other cases too consistently hold that plaintiffs must provide each defendant with meaningful notice, and lumping defendants together via conclusory group pleading fails to state a claim under Rule 12(b)(6). *See, e.g.*, *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (factual allegations asserted must "be sufficient to give notice to the defendant as to what claims are alleged"); *Bethel v. Boone Cnty. Bd. of Educ.*, No. 11-002-DLB, 2011 U.S. Dist. LEXIS 57019, at *3–4 (E.D. Ky. Jan. 13, 2011) ("satisfy the minimal pleading requirements of *Iqbal* in order to provide *each* Defendant with meaningful notice of the nature of the claims against them") (emphasis added); *Suguri v. Wells Fargo Bank, N.A.*, No. CV 09-1828 PSG (PJWx), 2009 U.S.

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

Dist. LEXIS 110639, at *16 (C.D. Cal. Aug. 7, 2009) (the plaintiff's "formulaic allegations

lumping all Defendants together are insufficient to state a claim"); *Rallis v. Stone*, 821 F. Supp.

466, 470 (E.D. Mich. 1993) (claim dismissed where "plaintiff continually refers to the vague

'defendant' while he purports to sue four individuals"); *GMAC Mortg., LLC v. McKeever*, No.

08-459-JBC, 2010 U.S. Dist. LEXIS 91118, at *17 (E.D. Ky. Aug. 31, 2010) (dismissing claim

where the plaintiff's "repeated references to the defendants collectively makes it difficult to

determine which defendant [the plaintiff] intends to implicate in each claim" and where facts

were lacking with respect to certain defendants); *Multi-Juice, S.A. v. Snapple Beverage Corp.*,

No. 02 Civ. 4635 (RPP), 2003 U.S. Dist. LEXIS 7040, at *17 (S.D.N.Y. Apr. 25, 2003) (stating

that group pleading was not enough and that "bare allegations  naming Defendants as

Triarc/Snapple' are improper" and dismissing all causes of action against Triarc because the

plaintiffs "failed to separately allege facts against Triarc showing that it is liable as  an entity

distinct from Snapple").

As Mr. Cunningham—once again—comes before this court with conclusory allegations

impermissibly lumping Defendants together, this provides an independent ground for dismissal of

Mr. Cunningham's entire Complaint against the Britereal Defendants.

### d.  Mr. Cunningham's Complaint lacks sufficient factual allegations to state a claim.

TCPA pleading standards require plaintiffs to describe the date, time, and specific content

of alleged calls.  *See, e.g.*, *Abbas v. Selling Source, LL*C, No. 09 CV 3413, 2009 WL 4884471, at

*2 (N.D. Ill. Dec. 14, 2009) ("fair notice" requires allegations regarding "when [the plaintiff]

received the . . . messages, what those messages stated, [and] from what numbers he received"

them); *Sepehry-Fard v. MB Fin. Servs.*, No. 13-CV-02784-BLF, 2014 WL 2191994, at *2 (N.D.

Cal. May 23, 2014) (dismissing TCPA claim because the plaintiff did not "plead facts in the

FAC explaining why he believes that Defendant made the offending calls, nor does he describe the ***date, timing, or specific content*** of any of these calls, or why he believes that they were artificial or prerecorded") (emphasis added); *id.* at *2 n.3 ("[R]equiring Plaintiff to add factual enhancement concerning the content and timing of the alleged calls does not unduly burden Plaintiff, as such facts are easily available to him on the basis of personal knowledge and experience.")

Mr. Cunningham has a history of failing to plead sufficient details of alleged calls. Indeed, multiple courts, including in Texas, have dismissed Mr. Cunningham's complaints for such a deficiency.  *See, e.g.*, *Cunningham v. Channer, LLC*, No. 17-CV-1305-FPG, 2018 WL 4620391, at *5–7 (W.D.N.Y. Sept. 26, 2018) ("In February of 2017, the U.S. District Court for the Northern District of Texas dismissed Plaintiff's case against TechStorm, LLC because ***Plaintiff failed to 'provide the date or time [the offending phone] calls were received beyond stating' the years the calls were made*** . . . ***Plaintiff makes the exact same error here, only this time he was already on notice of the need to plead specific dates and times but failed to do so anyway***.") (emphasis added) (citation omitted).

Here, Mr. Cunningham has made the same error again, depriving Defendants of fair notice as required by Rule 12(b)(6).  Mr. Cunningham's Complaint seeks relief for at least twenty five (25) calls, yet lacks the dates for any of the alleged calls.  (*See also* Complaint Prayer for Relief ¶ D –seeking damages for 30 calls)  The Complaint further fails to specify times for any of the alleged calls.  (*See* Complaint ¶ 26.)  Plaintiff's Complaint contains no allegations regarding the content of any of the challenged calls or text messages.

Further, Mr. Cunningham's allegations regarding the use of autodialers are too conclusory to survive a motion to dismiss.  (*See* Complaint ¶ 29.)  *See, e.g.*, *Williams v. T-Mobile*

14

*USA, Inc.*, No. 15-CV-03384-JSW, 2015 WL 5962270, at *2 (N.D. Cal. Oct. 14, 2015) (J. White) (noting "legal conclusions couched as facts" did not contain "underlying facts to support the nature of the calls or the frequency with which they were made" and holding that plaintiff failed to allege facts "from which the Court could reasonably and plausibly infer" use of an automated dialing system); *Rallo v. Palmer Admin. Servs.*, 2019 U.S. Dist. LEXIS 56938, *8, 2019 WL 1468411 ("[T]he Complaint does not allege any fact that plausibly suggests the calls Plaintiff received originated from an ATDS or used an artificial or prerecorded voice.").

Mr. Cunningham's failure to plead sufficient underlying facts on the dates, times, content, and method of communications is insufficient to state a claim, and the court should consequently dismiss the Complaint.

Additionally, Plaintiff also fails to allege multiple required elements to state a claim under 47 C.F.R. § 64.1200(d)—that after he received calls from Defendants to a residential phone, he made an affirmative request to Defendants to be placed on a do not call list; and made affirmative requests to Defendants for a copy of internal training and do not call procedures. Thus Plaintiff's claim under § 227(c)(5) should be dismissed as well.

## CONCLUSION

For these reasons, Mr. Cunningham's Complaint should be dismissed in its entirety pursuant to Rules 12(b)(1) and 12(b)(6).

> **REINER  REINER, P.A.**
> *Counsel for Britereal Defendants*
> 9100 South Dadeland Boulevard, Suite 901
> Miami, Florida   33156-7815
> Phone: (305) 670-8282; Facsimile: (305) 670-8989
> dpr@reinerslaw.com; eservice@reinerslaw.com
>
> By: _____
> **DAVID P. REINER, II**; FBN 416400

15

## <u>CERTIFICATE OF SERVICE</u>

*I HEREBY CERTIFY* that on March 31, 2020, the foregoing document was served this day on all counsel and pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Counsel for Britereal Defendants*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

By: _____

**DAVID P. REINER, II**; FBN 416400

*<u>Via US Mail & Email</u>*

Craig Cunningham, *Pro-se*
3000 Custer Road, Suite 270-206
Plano, Texas 75075
Telephone No. 615-348-1977
Email: *projectpalehorse@hushmail.com*

16