IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

CASE NO.: 4:20-CV-144

**CRAIG CUNNINGHAM**, an individual

        Plaintiff,

v.

**BRITEREAL MANAGEMENT INC**,
a California corporation; and **ANNA YEH**,
an individual,

        Defendants.
_____/

# DEFENDANTS' ANSWER
# AFFIRMATIVE DEFENSES & COUNTERCLAIM

Defendants, BRITEREAL MANAGEMENT INC and ANNA YEH, by and through undersigned counsel, hereby file this Answer, Affirmative Defenses and Counterclaim, and state:

## ANSWER

*Parties*

1. Defendants are without knowledge and therefore deny the allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendants are without knowledge and therefore deny the allegations in paragraph 4 of Plaintiff's Complaint.

*Jurisdiction and Venue*

5. Defendants are without knowledge and therefore deny the allegations in paragraph 5 of Plaintiff's Complaint is denied.

6. Defendants are without knowledge and therefore deny the allegations in paragraph 6 of Plaintiff's Complaint is denied.

7. Defendants are without knowledge and therefore deny the allegations in paragraph 7 of Plaintiff's Complaint is denied.

8. Defendants are without knowledge and therefore deny the allegations in paragraph 8 of Plaintiff's Complaint is denied.

9. Defendants are without knowledge and therefore deny the allegations in paragraph 9 of Plaintiff's Complaint is denied.

*The Telephone Consumer Protection Act of 1991, 47 U.S.C. §227*

10. As to the allegations contained in paragraphs 10, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself. Any other inference or allegation is denied.

11. As to the allegations contained in paragraphs 11, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself. Any other inference or allegation is denied.

12. As to the allegations contained in paragraphs 12, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself. Any other inference or allegation is denied.

13. As to the allegations contained in paragraphs 13, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself. Any other inference or allegation is denied.

14. As to the allegations contained in paragraphs 14, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

authority speaks for itself.  Any other inference or allegation is denied.

15. As to the allegations contained in paragraphs 15, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself.  Any other inference or allegation is denied.

16. As to the allegations contained in paragraphs 16, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself.  Any other inference or allegation is denied.

17. As to the allegations contained in paragraphs 17, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself.  Any other inference or allegation is denied.

18. As to the allegations contained in paragraphs 18, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself.  Any other inference or allegation is denied.

19. As to the allegations contained in paragraphs 19, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself.  Any other inference or allegation is denied.

20. As to the allegations contained in paragraphs 20, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself.  Any other inference or allegation is denied.

21. As to the allegations contained in paragraphs 21, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself.  Any other inference or allegation is denied.

22. As to the allegations contained in paragraphs 22, The allegations state a legal

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself. Any other inference or allegation is denied.

*The Texas Business and Commerce Code 305.053*

23. As to the allegations contained in paragraphs 23, the allegations are denied.

24. As to the allegations contained in paragraphs 24, The allegations state a legal conclusion to which no response is required. To the extent a response is required, the cited authority speaks for itself. Any other inference or allegation is denied.

*Factual Allegations*

25. Defendants deny the allegations in paragraph 25 of the Plaintiff's Complaint.

*Calls to the Plaintiff*

26. Defendants deny the allegations in paragraph 26 of the Plaintiff's Complaint.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendants are without knowledge and therefore deny the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations in paragraph 29 of the Plaintiff's Complaint.

30. Defendants are without knowledge and therefore deny the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendants are without knowledge and therefore deny the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendants are without knowledge and therefore deny the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendants are without knowledge and therefore deny the allegations in paragraph 33 of Plaintiff's Complaint.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

*Knowing and Willful Violations of Telemarketing Regulations*

34. Defendants deny the allegations in paragraph 34 of the Plaintiff's Complaint.

35. Defendants deny the allegations in paragraph 35 of the Plaintiff's Complaint.

36. Defendants deny the allegations in paragraph 36 of the Plaintiff's Complaint.

37. Defendants deny the allegations in paragraph 37 of the Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of the Plaintiff's Complaint.

39. Defendants deny the allegations in paragraph 39 of the Plaintiff's Complaint.

40. Defendants deny the allegations in paragraph 40 of the Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of the Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph 42 of the Plaintiff's Complaint.

*Plaintiff's cell phone is a residential number*

43. Defendants deny the allegation in paragraph 43 of the Plaintiff's Complaint that Plaintiff's cell phone is a residential number, based upon the Magistrate's Report and Recommendation (Dkt. 21), and the Order/Memorandum adopting same (Dkt. 24) which specifically found that Plaintiff's cell phone does not qualify as a residential line. As to any other inference or allegation, Defendants are without knowledge and therefore deny, and demand strict proof thereof.

*Violations of the Texas Business and Commerce Code 305.053*

44. Defendants deny the allegations in paragraph 44 of the Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of the Plaintiff's Complaint.

*First Claim for Relief* [1]

1. Defendants reallege and reaver their responses to the reallegations in this paragraph 1 of the Complaint's First Claim for Relief.

2. Defendants deny the allegations in this paragraph 2 of the Complaint's First Claim for Relief.

3. Defendants deny the allegations in this paragraph 3 of the Complaint's First Claim for Relief.

4. Defendants deny the allegations in this paragraph 4 of the Complaint's First Claim for Relief.

5. Defendants are without knowledge as to what Plaintiff is seeking herein and otherwise deny the remaining allegations in this paragraph 5 of the Complaint's First Claim for Relief.

*Second Claim for Relief* - **(Dismissed)**

Plaintiff's Second Claim for Relief based upon alleged violations of 47 U.S.C. §227(c) has been dismissed pursuant to the Magistrate's Report and Recommendation (Dkt. 21), and the Order/Memorandum adopting same (Dkt. 24). To the extent any response is required, Defendants deny the allegations contained in the Second Claim for Relief.

*Third Claim for Relief*

11. Defendants reallege and reaver their responses to the reallegations in this paragraph 11 of the Complaint's Third Claim for Relief.

12. Defendants deny the allegations in this paragraph 12 of the Complaint's Third

---

[1] Plaintiff's Complaint begins renumbering paragraphs after paragraph 45. The following answers are to the renumbered paragraphs or allegations in the Complaint.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

Claim for Relief.

14. Defendants deny the allegations in this paragraph 13 of the Complaint's Third Claim for Relief.

14. Defendants deny the allegations in this paragraph 14 of the Complaint's Third Claim for Relief.

15. All other allegations not expressly admitted are hereby denied.

## **AFFIRMATIVE DEFENSES**

*First Affirmative Defense*

Defendants state that the Plaintiff, by opting in, has given his prior express consent to receive telephone solicitations.

*Second Affirmative Defense*

Defendant states that recent TCPA litigation has removed the Court's subject matter jurisdiction to consider Plaintiff's §227(b)(1)(A)(iii) claims, for all calls which occurred between November 2, 2015 and July 6, 2020. In *Barr v. Am. Ass'n of Political Consultants (AAPC)*, 140 S.Ct. 2335 (2020), the Supreme Court found that the "government debt exception" contained in §227(b)(1)(A)(iii) was a content-based regulation of Free Speech which does not survive strict scrutiny, and was therefore unconstitutional. Since that ruling, courts have begun to hold that the "exception cannot be unconstitutionally discriminatory without reference to the rule in which it appears," and therefore, §227(b)(1)(A)(iii) has been unconstitutional in its entirety, as it was written by Congress' amendment to that section in 2015. *Creasy v. Charter Communications*, 2020 WL 5761117 (E.D. La. 2020) (denying all plaintiff's claims except for one TCPA-violative call which occurred after the Supreme Court's decision in *Barr*); *see also* Bipartisan Budget Act of 2015, H.R. 1314, 114th Cong. (2015). Any of Plaintiff Cunningham's allegations relating to calls

7

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

made between the enactment of the Congressional amendment (November 2, 2015) and the Supreme Court's decision in *Barr* (July 6, 2020) must fail for lack of subject matter jurisdiction. *See, Supplemental Motion to Dismiss (Dkt. 23) incorporated herein by reference.*

*Third Affirmative Defense*

Defendants state that they have established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA.

*Fourth Affirmative Defense*

Defendants state that if they violated the TCPA, which they deny, the violation was unintentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

*Fifth Affirmative Defense*

Defendants state that Defendants' product has not been sufficiently identified with regard to the calls received by Plaintiff.

*Sixth Affirmative Defense*

Defendants state that any alleged damages suffered by Plaintiff resulted from the acts or omissions of third parties who were not agents of Defendants, over whom Defendants exercised no control or authority, and for whose conduct Defendants are not responsible.

*Seventh Affirmative Defense*

Defendants state the Plaintiff has failed to mitigate his damages [1] by failing to make an affirmative statement that he be removed from any contact list, [2] by failing to indicate in any way that any alleged caller did not have consent to make such calls, and [3] by allowing or baiting more calls beyond the first call so as to multiply his alleged damages.

*Eighth Affirmative Defense*

8

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

Defendants state that Plaintiff has not and cannot establish that Defendants used or authorized the use of an "automatic telephone dialing system" or "ATDS."

*Ninth Affirmative Defense*

Defendants state that Plaintiff has not and cannot establish that any calls received contained a message that was "pre-recorded."

*Tenth Affirmative Defense*

Defendants state that Anna Yeh is the Registered Agent of Britereal Management, Inc. Anna Yeh has not made any calls to Plaintiff, has no control over whether any calls were made to Plaintiff, and made no calls to Plaintiff either on behalf of herself or the corporation.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request the Court dismiss same, and award Defendants all other and further relief as the Court deems just and proper.

## DEFENDANTS' COUNTERCLAIM

Defendants Counter-Plaintiffs, BRITEREAL MANAGEMENT INC and ANNA YEH, by and through undersigned counsel, hereby file this their Counterclaim against CRAIG CUNNINGHAM, and state:

1. This is a supplemental and compulsory and/or permissive counterclaim pursuant to Rule 13(a) and/or (b) and/or (e), Fed R. Civ. P., as the facts and allegations arise from the actions complained of by the Plaintiff Counter-Defendant, Craig Cunningham, *to wit*, unauthorized and illegal telephone communications/recordings between the Plaintiff Counter-Defendant and the Defendants Counter-Plaintiffs before and during the course of this litigation.

2. Craig Cunningham is the Plaintiff Counter-Defendant herein and, at all times relevant, a citizen of the State of Texas.

9

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

3. Defendant Counter-Plaintiff, Britereal Management Inc. is a California corporation and, at all times relevant, a citizen of the State of California.

4. Defendant Counter-Plaintiff, Anna Yeh is an individual, *sui juris* and, at all times relevant, a citizen of the State of California.

5. This Court has supplemental jurisdiction over this counterclaim to the extent the Court has jurisdiction over the Plaintiff Counter-Defendant's TCPA claims.

6. Plaintiff Counter-Defendant, in the course of his attempts to bait Defendants Counter-Plaintiffs into violating the TCPA, has secretly and without Defendants Counter Plaintiffs' knowledge or consent, recorded one or more of his conversations with the Defendants Counter-Plaintiffs who are and were located in, and are citizens of, California. See Exhibit "A."

7. By doing so, Plaintiff Counter-Defendant has violated California privacy laws and Defendants Counter-Plaintiffs' rights.

**COUNT I - CIVIL PENALTIES UNDER CALIFORNIA PRIVACY LAW**

8. The allegations contained in paragraphs 1 through 7 are reincorporated herein as though fully set forth.

9. California is an all-party consent state, requiring all parties give consent to any recording of a communication. *See California Penal Code* §632.7(a) (making it unlawful for "[e]very person who, ***without the consent of all parties to a communication***, intercepts or **receives and intentionally records**...a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone…."

10. Any person injured by such a violation is authorized under California Penal Code §637.2 to seek damages for the greater amount of [1] five thousand dollars ($5,000) per violation,

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

or [2] three times the amount of actual damages. *Ca. Pen. Code* §637.2(a).

11. Additionally, §632(d) states that "Except as proof in an action or prosecution for violation of this section, evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of this section is not admissible in any judicial, administrative, legislative, or other proceeding." *Ca. Pen. Code* §632(d).

12. Plaintiff Counter-Defendant has admitted to surreptitiously recording at least two telephone calls with Defendants Counter-Plaintiffs in and around February and March 2020. Copies of those two telephone conversations were provided to Defendants Counter-Plaintiffs' counsel by the Plaintiff Counter-Defendant in June 2020.

13. Plaintiff Counter-Defendant violated the above California privacy laws, while receiving one or more of the allegedly TCPA-violative calls in this case and surreptitiously recording those calls.

14. Plaintiff Counter-Defendant violated the above California privacy laws, while placing, and surreptitiously recording, one or more calls to Defendants Counter-Plaintiffs related to this case.

15. Defendants Counter-Plaintiffs have been injured by Plaintiff Counter-Defendant's violation of California law while Plaintiff Counter-Defendant pursued this litigation.

16. Defendants Counter-Plaintiffs are entitled to damages for each such violation.

**WHEREFORE**, Defendants Counter-Plaintiffs respectfully request that the Court grant Defendants Counter-Plaintiffs damages of $5,000 per phone call recorded by Plaintiff Counter-Defendant in violation of California privacy laws, and order that Plaintiff may not use any such recordings as evidence in support of Plaintiff Counter-Defendant's claims in this case.

Respectfully submitted,

**REINER & REINER, P.A.**
*Counsel for Britereal Defendants*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

By:_____
**DAVID P. REINER, II**; FBN 416400

12

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY that on December 30, 2020, the foregoing document was filed and served this day on all counsel and pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

**REINER & REINER, P.A.**
*Counsel for Britereal Defendants*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989
*dpr@reinerslaw.com; eservice@reinerslaw.com*

By: _____

**DAVID P. REINER, II**; FBN 416400

*Via US Mail & Email*

Craig Cunningham, *Pro-se*
3000 Custer Road, Suite 270-206
Plano, Texas 75075
Telephone No. 615-348-1977
Email: *projectpalehorse@hushmail.com*

13

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989